IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FLORES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALFREDO FLORES, APPELLANT.

Filed May 28, 2019.    No. A-18-813.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed.

Leonard G. Tabor for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Alfredo Flores appeals from his conviction for possession of methamphetamine following a jury trial in the district court for Scotts Bluff County. He assigns error to the court's denial of his motions for directed verdict and to the sufficiency of the evidence. Because the evidence was sufficient to sustain his conviction, we affirm.

BACKGROUND

The charges in this case arose out of an incident that occurred on January 12, 2018. During a get-together on that date at Flores' residence, Ismael Tristan, one of several individuals residing there at the time, was assaulted and suffered severe physical injuries. Police subsequently executed search warrants on Flores' residence during which they recovered suspected drugs and drug paraphernalia, a handgun, and other evidence relevant to the assault. Also residing with Flores at

the time of the assault were his wife, Josielyn Herrera; his children; Tristan's significant other, Gloria DeLeon; and Thomas Gonzalez. Flores, DeLeon, and Gonzalez are all cousins.

On February 1, 2018, the State filed an information in the district court, charging Flores with first degree assault in violation of Neb. Rev. Stat. § 28-308 (Reissue 2016), a Class II felony; use of a deadly weapon, other than a firearm, to commit a felony in violation of Neb. Rev. Stat. § 28-1205(1)(b) (Reissue 2016), a Class II felony; possession of methamphetamine in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2018), a Class IV felony; and possession of a firearm by a prohibited person in violation of Neb. Rev. Stat. § 28-1206(3)(b) (Reissue 2016), a Class ID felony.

A jury trial was held on June 20-22, 2018. Because the jury acquitted Flores of all charges except possession of methamphetamine, we have limited our recitation to evidence relevant to that charge, only describing evidence relating to the assault and weapons charges as necessary to provide context for the drug evidence recovered in this case.

DeLeon and Tristan had been sharing a room together in Flores' house for 3 to 4 weeks at the time of the events in question. On the evening of January 12, 2018, various individuals, including DeLeon, Tristan, and Gonzalez, were at the Flores residence for a meal. DeLeon testified about her observations of an altercation between Flores and Gonzalez that evening as well as her observation of Flores with a weapon, which she described as "a metal object."

DeLeon was interviewed by police officers about the assault. She provided information about the location in the house of a handgun she had seen Flores with on a couple of previous occasions. DeLeon also told police that drugs could be found in the room in the Flores residence occupied by Gonzalez. According to DeLeon, she knew where the drugs would be at because she overheard a conversation that indicated both Flores and Gonzalez were "in on it" with respect to the drugs. She clarified that the conversation she overheard detailed Gonzalez and Flores' plan to buy methamphetamine for the purpose of selling it. DeLeon stated that she had belongings, such as beds and dressers, stored in the basement of the residence.

There was testimony from various law enforcement and other personnel involved in the investigation of the assault, the execution of search warrants on the Flores residence on January 14, 2018, and the recovery and analysis of various pieces of evidence. The first search warrant included weapons that could be used in an assault. Because law enforcement observed narcotics equipment in plain sight while searching under the first warrant, a second warrant was issued and served while officers were still on the premises. Officers did not seize any of the drug-related items until receiving the second search warrant specifically for the drugs.

Robert Hackett, an investigator with the Scotts Bluff County Sheriff's Office, testified about suspected drugs and drug paraphernalia found in a bedroom on the ground floor of the residence. Specifically, he identified a table in the bedroom that "had narcotics and narcotic equipment on it," a blue baggie containing a brown substance believed to be methamphetamine found on the table, a narcotics pipe with burnt white residue and a plate with residue inside a closet in the bedroom, a mirror with narcotic residue on it inside a container in the closet, and a digital scale behind the container in the closet. The bedroom containing these items was the one used by Gonzalez while he resided with Flores.

- 2 -

The jury heard testimony from two additional Scotts Bluff County Sheriff's Office employees about the execution of the search warrants and the collection of evidence from the Flores residence on January 14, 2018. As relevant to this appeal, one deputy described finding a box of cigarettes in the basement of the house, containing suspected methamphetamine residue, and a small baggie with a green, leafy residue consistent with marijuana.

Suspected controlled substances seized from the Flores residence were tested by an analyst at the Nebraska State Patrol Crime Laboratory. Her analysis identified the residue found in the cigarette box seized from the basement and the substance in the blue baggie seized from the bedroom used by Gonzalez as methamphetamine.

Two witnesses for the State testified about their recollections from January 12, 2018, of Flores smoking methamphetamine and/or spending time in the bedroom of the Flores residence where the methamphetamine and drug paraphernalia were later found by police. Gonzalez' girlfriend testified that she, Gonzalez, and Flores smoked methamphetamine in Gonzalez' bedroom on January 12. The other witness who testified about Flores' presence in Gonzalez' bedroom on January 12 was Tristan, who recalled seeing Flores going into the bedroom just prior to the assault.

After the State rested, Flores made a motion for directed verdict, arguing that "the State has failed to prove a prima facie case in all four of the charges." The district court denied Flores' motion, and Flores proceeded to present evidence.

Flores testified on his own behalf. He denied owning any of the property in the basement of his residence, indicating that everything in the basement belonged to DeLeon and Tristan. Also, Flores denied knowing about any of the controlled substances or drug paraphernalia found in the house, denied using methamphetamine on January 12, 2018, and denied that there was any methamphetamine "in plain view" that evening. When asked if he used methamphetamine, Flores testified, "Nah, not really." He did testify to knowing that Gonzalez "used to do" methamphetamine.

Gonzalez admitted to doing methamphetamine in his bedroom on January 12, 2018, and admitted that Flores was present "smoking weed," but he denied observing Flores use methamphetamine that evening. Flores' wife admitted that Flores "smoked some weed," but she denied being aware of anyone using methamphetamine on January 12. She denied knowing anything about the cigarette box or some of the other drug-related items seized by police and testified that items stored in the basement belonged to Tristan and DeLeon.

Following the State's rebuttal evidence, Flores renewed his motion for a directed verdict as to all charges, which was again denied by the district court.

The jury found Flores guilty of possession of methamphetamine but not guilty of the other charges in this case. The district court accepted the verdict, and it subsequently sentenced Flores to 270 days in jail with credit for 209 days of time served and 9 months' post-release supervision.

ASSIGNMENTS OF ERROR

Flores asserts that (1) the district court erred in not granting his motions for directed verdict and (2) there was insufficient evidence as a matter of law to sustain his conviction.

STANDARD OF REVIEW

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Stubbendieck*, 302 Neb. 702, 924 N.W.2d 711 (2019).

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

ANALYSIS

*Motions for Directed Verdict.*

Flores asserts that the district court erred in not granting his motions for directed verdict made at the close of the State's case and again at the close of all evidence. In support of this assignment of error, Flores restates his assignment of error, sets forth several propositions of law relevant to appellate review of motions for directed verdict, and then simply states, "Trial counsel made a Motion for Directed Verdict at the close of the State's case which was denied by the Court and at the close of the State's rebuttal and rest." Brief for appellant at 9. For an alleged error to be considered by an appellate court, an appellant must both assign and specifically argue an alleged error. *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016). An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *Id.* Because Flores has not specifically argued this assigned error, we do not address it further, except to the extent that the standard of review is the same as for examining the sufficiency of the evidence, which we address below.

*Sufficiency of Evidence.*

Flores asserts that there was insufficient evidence as a matter of law to sustain his conviction for possession of methamphetamine. Section 28-416(3) provides in relevant part that a person knowingly or intentionally possessing a controlled substance is guilty of a Class IV felony. A person possesses a controlled substance when he or she knows of the nature or character of the substance and of its presence and has dominion or control over it. *State v. Rocha*, 295 Neb. 716, 719, 890 N.W.2d 178 (2017). Possession can be either actual or constructive, and constructive possession of an illegal substance may be proved by direct or circumstantial evidence. *Id.* A fact proved by circumstantial evidence is nonetheless a proven fact. *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016). Circumstantial evidence is not inherently less probative than direct evidence. *Id.*

A defendant's control or dominion over premises where a controlled substance is located may establish the defendant's constructive possession of the controlled substance. *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991). Mere presence at a place where a controlled substance is found is not sufficient to show constructive possession. *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011). Instead, the evidence must show facts and circumstances which affirmatively link the defendant to the controlled substance so as to suggest that the defendant knew of it and exercised control over it. See *id.*

In this case, Flores was not in actual possession of the methamphetamine, so the question is whether there is sufficient evidence from which a trier of fact could reasonably infer he was in constructive possession of it. In other words, could the trier of fact reasonably infer he was aware of the methamphetamine's presence and had dominion or control over it? Under the circumstances of this case, we conclude that there was sufficient evidence for the jury to infer that Flores was aware of the presence of methamphetamine in the residence and had dominion or control over it.

DeLeon told police where drugs could be found in Flores' residence. She also testified about overhearing Flores' plan to sell methamphetamine with Gonzalez. When the first search warrant was served, police observed drug paraphernalia in plain sight in the bedroom and obtained a second search warrant, after which they seized items from both the bedroom and the basement that tested positive for methamphetamine. Additionally, Gonzalez' girlfriend testified that she smoked methamphetamine with Flores and Gonzalez the night of the assault in the bedroom where police found some of the methamphetamine. Tristan's testimony also places Flores in the bedroom where methamphetamine was found. In short, methamphetamine was found in Flores' residence, in an area used by and accessible to not only the guests in the home but also by Flores himself.

In his arguments in support of this assignment of error, Flores essentially asks us to resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence, but these are matters for the finder of fact. See *State v. Stubbendieck*, 302 Neb. 702, 924 N.W.2d 711 (2019).

When the evidence in this case is viewed in the light most favorable to the State, a reasonable inference from the circumstantial evidence outlined above is that Flores, who lived at the residence, knew of the presence of the methamphetamine in the house and that he exercised control over it. This assignment of error fails for the reasons stated above.

CONCLUSION

The evidence was sufficient to support Flores' conviction.

AFFIRMED.